

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

July 9, 1954

Hon. H. A. Beckwith, Chairman
Board of Water Engineers
302 W. 15th St.
Austin, Texas          Opinion No. S-134

Re: Whether the provision for
reversion of water rights
to the State on dissolution
of a water control and im-
provement district, con-
tained in Article 7880-77b,
V.C.S., is automatic.

Dear Sir:

Your opinion request of March 23, 1954 reflects
the following facts:

In 1931, your Board issued a permit to Al and
Lloyd Parker to appropriate 10,034 acre-feet of water per
annum from the Rio Grande in Cameron County for the pur-
pose of irrigating 5,017 acres of land and to create a
reservoir with a storage capacity of 5,017 acre-feet, the
permit providing that the water was to be diverted into
the reservoir by means of a designated canal. The day
after the permit was issued, the Parkers transferred the
permit and all rights thereunder to Cameron County Water
Control & Improvement District No. 18. Such district,
while still record owner of the permit, was dissolved on
July 31, 1940 under Article 7880-77b, V.C.S.

Reports were filed in 1930, 1931 and 1932 show-
ing only partial completion of the "plant." No further
reports having been received, your Board held a hearing
in 1942 to cancel the permit but dismissed the proceed-
ings when A. F. Parker protested in writing. Parker filed
reports only for 1943 and 1946, each reflecting no use of
the water and admitting the permit had been inactive for
a "number of years." On September 28, 1953, your Board
cancelled the permit without notice or hearing. Affida-
vits recently filed reflect that 1,000 acres were irrigated

in 1929, 1931 and 1932 and are now being irrigated, but no reservoir was ever created.

As we interpret your letter, your purpose is to ascertain the validity of your action cancelling the aforesaid permit, and based on that assumption, we shall answer your letter accordingly.

Articles 7474, 7519 and 7544, V.C.S., provide for forfeiture of a permit under circumstances such as above outlined. The first two statutes above mentioned contain provisions requiring notice and hearing.

Article 7880-77b deals with dissolution of water control and improvement districts and provides that when the assets of the district have been liquidated and all debts paid, ". . . the directors of the district shall enter of record their final order of dissolution . . . and thereupon any water rights held from the State shall revert to the State and may not, in anticipation of dissolution, be assigned by the district to be so dissolved."

There is no provision in said statute for notice, and its terms indicate the reversion is intended to be automatic. Indeed, there would seem to be no reason for notice or hearing. The permit was an asset of the district at the time of its dissolution. Such districts are arms of the State government. The directors of the district are "the managing officers in charge of all the business and affairs of the district. . . ." Art. 7880-36, V.C.S.

The entry of the order of dissolution by the Board of Directors under Art. 7880-77b, V.C.S., was a voluntary act. The initiative was theirs, not the State's. They are presumed to know the legal consequences of their acts, and doubtless they did know, since the statute under which they acted in dissolving the district also provides for the reversion. It would seem unreasonable to give notice and have a hearing to protect the permit holder against the plain statutory consequences of its own voluntary act. The statute is plain, and even if notice and hearing were had, there is no authority given to the Board of Water Engineers or to any other agency to deny the reversion.

We hold, therefore, that the permit automatically reverted to the State at the time of the dissolution of the district.

## SUMMARY

Upon dissolution of a water control
and improvement district under Article
7880-77b, V.C.S., a water permit owned
by said district automatically, without
notice or hearing, reverts to the State.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By J. Arthur Sandlin

J. Arthur Sandlin
Assistant

APPROVED:

John Atchison
Land Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JAS:bt